IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LEONARD NOBLE                                                                                    PLAINTIFF

v.                                    Civil No. 2:24-cv-02123-TLB-MEF

CIRCUIT JUDGE STEPHEN TABOR
(Sebastian County, Arkansas)                                                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.       BACKGROUND

Plaintiff filed his Complaint on September 23, 2024, naming Arkansas Circuit Judge Stephen Tabor and the Justices of the Arkansas Supreme Court as Defendants.  (ECF No. 1).  The claims against Judge Tabor were severed, and the remaining claims were transferred to the Eastern District of Arkansas.  (ECF No. 3).  Plaintiff was then directed to submit an Amended Complaint to address deficiencies in his initial Complaint.  (ECF No. 7).  Plaintiff timely submitted his Amended Complaint.  (ECF No. 11).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

In his Amended Complaint, Plaintiff alleges that on May 8, 2024, and "early dates in petitions" Judge Tabor denied his "Notice of Appeal and forma pauperis." (ECF No. 11 at 4). Plaintiff alleges this denial violated his constitutional rights to due process of law.[2] (*Id*.). Plaintiff indicated on the Complaint form that he was proceeding against Defendant Tabor in his individual capacity only. (*Id*. at 5). In the section of the form to detail official capacity claims, however, he states that: "Due process of DNA test. There has been no DNA test in this case. State lie in Trial and said that no DNA was found. Lie. The State Crime Lab said they are DNA." (*Id*.).

Plaintiff seeks a DNA test using "using the mtdna and Y-STR testing together on crime scene evidence of the rape kit on items Q-1, Q-3 and Q-4." (ECF No. 11 at 9). He also seeks $7,000.00 for court costs. (*Id*.). In the section of the form where he is asked to describe his litigation history, he describes this case as being "for discrimination."[3] (*Id*. at 10).

The Court has reviewed Plaintiff's Arkansas criminal case in *State v. Leonard*, Case No. 66GCR-98-72, for both this case and *Noble v. Delay*, Case No. 2:14-cv-02164-PKH.[4] The state case was brought in the 12th Judicial Circuit, Sebastian County Circuit Court, Greenwood District. The Hon. Stephen Tabor is a Circuit Court Judge in the Twelfth Judicial Circuit, Division I. As previously stated in *Noble v. Delay*:

> Plaintiff's underlying case is based on a 1999 State of Arkansas conviction for residential burglary and rape. He appealed his conviction to the Arkansas Court of Appeals, arguing the evidence was insufficient to support his conviction. The Court of Appeals affirmed the conviction, noting he had failed to preserve this argument for appeal at trial. (Doc. 15) (citing *Noble v. State,* No. CACR 00–587, 2001 WL 1092820 (Ark. App., Sept. 19, 2001). Plaintiff's petition for certiorari to the United

---

[2] Plaintiff also alleges this denial was in violation of "Federal Statute § 54-102kk." It appears Plaintiff is citing to a Connecticut statute concerning the DNA testing of biological evidence.
[3] Plaintiff does not identify the basis for this discrimination.
[4] Information available at Search ARCourts, https://arcourts.gov/administration/acap/courtconnect. (last accessed Mar. 5, 2025).

States Supreme Court was denied October 6, 2003, and his petition for rehearing was denied December 15, 2003.[5]

Plaintiff's case in *Noble v. Delay* was brought against two Sebastian County, Arkansas prosecutors. His § 1983 claims concerning due process were denied, and the case dismissed with prejudice. (Case No. 2:14-cv-02164, ECF Nos. 37, 38). The Eighth Circuit Court of Appeals affirmed the dismissal. (Case No. 2:14-cv-02164, ECF No. 50).

In *State v. Leonard*, Case No. 66GCR-98-72, Plaintiff filed a Petition for Act 1780 DNA Testing of Evidence and a Petition for Leave to Proceed *in forma pauperis* on May 2, 2024. On May 8, 2024, Judge Tabor signed an order denying Plaintiff's Petition to Proceed *In Forma Pauperis*. (*State v. Leonard Noble*, Case No. 66GCR-98-72). This appears to be the document Plaintiff alleges violated his Due Process rights, as no other orders were signed in the case by Judge Tabor on that day.

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief

---

[5] Further details concerning Plaintiff's state case and federal petitions are provided in *Noble v. Delay* and will not be repeated here as they are not pertinent to the analysis.

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

"Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity

applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032, (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981).

"In determining whether an action is 'judicial,' we consider the nature of the act and whether it is a 'function normally performed by a judge.'" *Mireles*, 502 U.S. at 14 (Justice Stevens, dissenting) (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Under Arkansas Rule of Civil Procedure 72, Arkansas courts are required to rule upon *in forma pauperis* petitions brought before them. Thus, Circuit Judge Tabor had jurisdiction to rule upon Plaintiff's *in forma pauperis* petition, and that ruling was inherently judicial in nature. *See also*, *Cody v. Severson*, No. CIV. 05-04107-KES, 2005 WL 2046009, at *2 (D.S.D. Aug. 23, 2005) (ruling upon an *in forma pauperis* motion is a "quintessential judicial act"). Accordingly, Judge Tabor is entitled to absolute judicial immunity from § 1983 claims concerning his ruling on Plaintiff's *in forma pauperis* petition.

### IV.      CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 11) should be DISMISSED WITH PREJUDICE.[6]

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[6] "Judicial and prosecutorial immunity are both absolute and permanent ..., and a complaint dismissed on either basis is therefore appropriately effected with prejudice rather than without prejudice." *Arrington v. St.*, No. 22-CV-2362 (MJD/JFD), 2022 WL 18356337, at *2 (D. Minn. Oct. 25, 2022), *report and recommendation adopted*, No. CV 22-2362 (MJD/JFD), 2023 WL 204078 (D. Minn. Jan. 17, 2023), *aff'd,* No. 23-1426, 2023 WL 4247219 (8th Cir. Mar. 24, 2023) (citing *Grazzini-Rucki v. Knutson*, 597 F. App'x 902, 903 (8th Cir. 2015) (per curiam) (affirming dismissal with prejudice on judicial immunity grounds); *Aery v. Cremens*, No. 20-CV-0055 (JRT/ECW), 2021 WL 536269, at *6 (D. Minn. Jan. 28, 2021) (collecting cases for proposition that dismissal of claim due to prosecutorial immunity is appropriately effected with prejudice).

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE